**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

BERNARD R. WERWIE, JR.,

        *Plaintiff*,

    v.

RUSSELL VOUGHT, Director, Office of
Management and Budget, *et al.*,

        *Defendants.*

</td><td>

No. 19-cv-3713 (DLF)

</td></tr>
</table>

**MEMORANDUM OPINION**

    Plaintiff Bernard R. Werwie, Jr. brings this suit against Russell Vought,[1] in his official capacity as the Director of the Office of Management and Budget (OMB), and Emily W. Murphy, in her official capacity as the Administrator of the General Services Administration (GSA). Werwie claims that the defendants violated § 508 of the Rehabilitation Act by procuring and using noncompliant online assessment programs to evaluate federal employees who applied for a cybersecurity training program. Compl. ¶¶ 26–29, 37–42, Dkt. 1. Before the Court is the defendants' Motion to Dismiss. Dkt. 11. For the reasons that follow, the Court will grant the motion.

---

[1] When this suit began, John Michael "Mick" Mulvaney was the Director of the Office of Management and Budget. When Russell Vought became the Director, he was automatically substituted as the named defendant. *See* Fed. R. Civ. P. 25(d).

# I. BACKGROUND[2]

Werwie works as a contract specialist for the Defense Logistics Agency.  Compl. ¶ 3.
Due to a congenital condition, Werwie has been legally blind since birth.  *Id.* ¶ 4.  To navigate
computer programs, he uses screen access software that enlarges text, converts text to speech, or
converts text to braille.  *Id.* ¶¶ 14–18.  Werwie predominantly uses the screen access program
ZoomText, relying on its text-enlargement and text-to-speech features.  *Id.* ¶¶ 14, 18.  For this
technology to work correctly, the underlying computer programs must contain certain elements,
including "alt-text" descriptions for images and keyboard navigation.  *Id.* ¶¶ 16–17.

In 2019, the Defense Logistics Agency gave Werwie permission to apply for the
Cybersecurity Reskilling Academy, a program designed by the Chief Information Officers
Council[3] to train nontechnical employees for cybersecurity work.  *Id.* ¶¶ 23–25.  To apply,
Werwie was required to take two online assessments: the World of Work Inventory and the
Cyber Aptitude and Talent Assessment.  *Id.* ¶¶ 26–28.  During these online assessments,
ZoomText failed to display properly, and as a result, Werwie was unable to use its text-
enlargement and text-to-speech features.  *Id.* ¶¶ 30–31.  He repeatedly sought assistance by
calling the phone number listed for individuals with disabilities, but no one answered.  *Id.* ¶ 32.

---

[2] Unless otherwise noted, the factual allegations cited in this opinion are drawn from the
complaint.  *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015)
(court considering motion to dismiss must "accept all the well-pleaded factual allegations of the
complaint as true and draw all reasonable inferences from those allegations in the plaintiff's
favor").

[3] The CIO Council is an interagency forum tasked with overseeing the Federal government's
development and use of information resources.  *Purpose and Vision*, CIO Council (last accessed
October 20, 2020), https://www.cio.gov/about/vision/.  The Council is chaired and directed by
officers from the Office of Management and Budget.  44 U.S.C. § 3603.

As a result, Werwie was forced to guess the answers to many questions on the assessments. *Id.* ¶ 31.

After completing the assessments, Werwie emailed the Reskilling Academy and a GSA employee, noting the accessibility issues he had encountered. *Id.* ¶ 33. He also communicated with another GSA employee about his experience and raised the accessibility issues with both his U.S. congressman and senator. *Id.* Ultimately, Werwie was not accepted into the Reskilling Academy. *Id.* ¶ 34. But he plans to reapply during the next open application cycle. *Id.* ¶¶ 34, 36.

On December 12, 2019, Werwie filed the instant complaint, alleging a single claim under § 508 of the Rehabilitation Act. *Id.* ¶¶ 37–42. He contends that the defendants violated the Rehabilitation Act by procuring and using online assessment software that was inaccessible to him as a blind computer user. *See id.* And he seeks injunctive relief that, among other things, requires the defendants to allow him to reapply for the Reskilling Academy, using software accessible to him. *Id.* at 9.

On May 21, 2020, the defendants filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Because the defendants do not advance jurisdictional arguments in their motion, *see infra* note 4, the Court will consider the motion under Rule 12(b)(6).

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  Although "detailed factual allegations" are not required, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *id*., and must "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.  To state a facially plausible claim, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  This standard does not amount to a "probability requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id*.  A complaint alleging "facts [that] are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

When evaluating a Rule 12(b)(6) motion, the court "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)).  Conclusory allegations, however, are not entitled to an assumption of truth, and even allegations pleaded with factual support need only be accepted insofar as "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678–79.  In determining whether a complaint states a claim, the court can consider the allegations within the four corners of the complaint as well as "any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

### III. ANALYSIS

The defendants raise two principal arguments in their motion: (1) § 508 of the Rehabilitation Act does not provide Werwie with a cause of action, *see* Mot. to Dismiss at 4–6,

and (2) Werwie is barred from bringing suit because he failed to exhaust his administrative

remedies, *see id.* at 6–8.  The Court will grant the defendants' motion because, even assuming

that § 508 grants Werwie a cause of action, he failed to exhaust his administrative remedies.[4]

### A.    Section 508 of the Rehabilitation Act

In 1973, Congress passed the Rehabilitation Act to "ensure that members of the disabled

community could live independently and fully participate in society."  *Am. Council of the Blind*

*v. Paulson*, 525 F.3d 1256, 1259 (D.C. Cir. 2008).  In 1986, Congress amended the

Rehabilitation Act of 1973 by adding § 508, which requires agencies to comply with guidance

documents developed to ensure electronic equipment accessibility for individuals with

disabilities.  *See* Rehabilitation Act Amendments of 1986, Pub. L. No. 99-506, § 603, 100 Stat.

1807, 1830 (1986).  The Workforce Investment Act of 1998 amended § 508 by, among other

things, creating an enforcement mechanism for the substantive portions of § 508.  *See* Pub. L.

No. 105-220, § 408(b), 112 Stat. 936, 1203 (1998).  The contours of this enforcement

mechanism are central to this dispute.

Section 508(a) sets out accessibility requirements for federal agencies when developing,

procuring, maintaining, or using information technology.  29 U.S.C. § 794d(a).  As relevant here,

§ 508(a)(1)(A) provides that each federal agency shall ensure that federal employees "have

access to and use of information and data that is comparable to the access to and use of the

information and data" by federal employees who do not have disabilities.  29 U.S.C.

§ 794d(a)(1)(A)(i).  Section 508(f) provides "individuals with a disability" two methods to

---

[4] Whether § 508 provides a cause of action is not a jurisdictional issue.  *See Sacks v. Reynolds Sec., Inc.*, 593 F.2d 1234, 1238–39 (D.C. Cir. 1978); *Eagle Tr. Fund v. U.S. Postal Serv.*, 365 F. Supp. 3d 57, 64 (D.D.C. 2019), *aff'd*, 811 F. App'x 669 (D.C. Cir. 2020).  Because the issue is not jurisdictional, it need not "precede merits determinations in dispositional order." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

enforce the substantive requirements.  *Id.* § 794d(f).  First, § 508(f)(1) provides that "any individual with a disability may file a complaint alleging that a Federal department or agency fail[ed] to comply" with § 508(a).  *Id.*  Such complaints must "be filed with the Federal department or agency alleged to be in noncompliance."  *Id.*  Second, in addition to the administrative complaint process, § 508(f)(3) declares that the "remedies, procedures, and rights" provided in § 505(a)(2) are available to individuals "filing a complaint under paragraph (1)."  *Id.*

The parties disagree about the scope of § 508(f)'s civil action enforcement provision. The defendants contend that § 508(f)'s civil action provision applies only to those "aggrieved by . . . recipient[s] of Federal assistance or Federal provider[s] of such assistance," Reply at 3, Dkt. 16, while Werwie argues that § 508(f) grants him either an express or an implied private right of action enforceable against federal agencies.  Opp'n at 6, 9, Dkt. 14.  As noted, the Court need not resolve this dispute because even assuming that § 508(f) provides Werwie with a cause of action, his claim fails because he failed to exhaust his administrative remedies.

## B.    Exhaustion of Administrative Remedies

"The doctrine of exhaustion of administrative remedies is one among related doctrines— including abstention, finality, and ripeness—that govern the timing of federal-court decisionmaking."  *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).  Whether the doctrine applies "is purely a question of statutory interpretation."  *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004) (citing *Madigan*, 503 U.S. at 144).  Courts presume exhaustion is nonjurisdictional, unless the statute contains "sweeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion."  *Id.* at 1248 (alterations and internal quotation marks omitted) (citing *Madigan*, 503 U.S. at 144).  "Absent a clear statement from Congress, exhaustion requirements will be found to be nonjurisdictional."  *Munsell v. Dep't of Agriculture*, 509 F.3d 572, 579 (D.C. Cir. 2007).

Unlike other provisions of the Rehabilitation Act,[5] § 508's enforcement provisions contain no such clear statement. The "General" subsection, § 508(f)(1), provides that "any individual with a disability may file a complaint alleging that a Federal department or agency fails to comply with [§ 508(a)(1)] in providing electronic and information technology." 29 U.S.C. § 794d(f)(1). Subsection 508(f)(2), "Administrative complaints", makes clear that complaints filed under the general subsection, § 508(f)(1) "*shall* be filed with the Federal department or agency alleged to be in noncompliance." *Id.* § 794d(f)(2) (emphasis added). And finally, the "Civil actions" subsection, § 508(f)(3), provides, in part, that "the remedies, procedures, and rights set forth in [Title VI of the Civil Rights Act] shall be the remedies, procedures, and rights available to any individual with a disability filing a complaint under [§ 505(f)(1), the General subsection]." *Id.* § 794d(f)(3). Although these enforcement provisions cross-reference one another and clearly "create[] an administrative procedure for challenging [government action]," *Avocados Plus*, 370 F.3d at 1248, none contain "sweeping and direct statutory language" indicating that exhaustion is a jurisdictional requirement, *see Munsell*, 509 F.3d at 579.

Even so, "the existence of an administrative remedy automatically triggers a non-jurisdictional exhaustion inquiry." *Avocados Plus*, 370 F.3d at 1248. And "[c]ourts should infer a infer a non-jurisdictional exhaustion requirement whenever Congress provides an administrative avenue for relief" as Congress has done here through § 508(f)(1)'s administrative complaint process. *Holmes v. PHI Serv. Co.*, 437 F. Supp. 2d 110, 121 (D.D.C. 2006).

---

[5] Section 505(a)(1) of the Rehabilitation Act, for example, contains a jurisdictional exhaustion requirement because it limits "judicial review to employees 'aggrieved by the *final* disposition' of their administrative 'complaint.'" *Spinelli v. Goss*, 446 F.3d 159, 162 (D.C. Cir. 2006) (emphasis added) (quoting 29 U.S.C. § 794a(a)(1)).

Requiring individuals to exhaust that process is consistent with the three functions that underlie nonjurisdictional exhaustion: "giving agencies the opportunity to correct their own errors, affording parties and courts the benefits of agencies' expertise, and compiling a record adequate for judicial review." *Avocados Plus*, 370 F.3d at 1247 (alterations, citations, and internal quotation marks omitted).

Here, Werwie communicated with both GSA and OMB about the accessibility issues that he experienced while taking the online assessments, but he did not initiate § 508(f)(1)'s administrative complaint process before filing suit. Werwie does not dispute this. Instead, he argues that § 508 does not contain any exhaustion requirement at all. But because § 508(f)(1)'s complaint process triggers a presumption of nonjurisdictional exhaustion, *Holmes*, 437 F. Supp. 2d at 121, Werwie must show that his "interest in an immediate judicial forum clearly outweighs the institutional interests underlying the exhaustion requirement," *Ass'n of Flight Attendants-CWA v. Chao*, 493 F.3d 155, 159 (D.C. Cir. 2007).

Courts generally excuse an exhaustion requirement "if delaying judicial review would cause irreparable injury, if the agency is not competent to address the issue or to grant effective relief, or if further pursuit of an administrative remedy would be futile." *Id.* at 159. None of those concerns are present here. To start, Werwie has not alleged that "delaying judicial review would cause irreparable injury." *Id.* Nor has he alleged that the "agency is not competent to address the issue or grant effective relief" through § 508(f)(1)'s administrative complaint process. *See id.* In fact, it seems that much of the relief Werwie seeks could be accomplished through unilateral agency action without judicial involvement. *See* Compl. at 9 (requesting that the defendants ensure that "all software used" in the Reskilling Academy and its application process is fully accessible to blind users); *id.* (seeking another opportunity for Werwie to

participate in the Reskilling Academy, or for him to be provided with "equivalent training").

Further, Werwie has made no showing that "pursuit of an administrative remedy would be

futile," *Ass'n of Flight Attendants-CWA*, 493 F.3d at 159, which would require showing that the

administrative remedy is "clearly useless," *William Loveland Coll. v. Distance Educ.*

*Accreditation Comm'n*, 347 F. Supp. 3d 1, 15 (D.D.C. 2018) (internal quotation marks omitted);

*see also id.* (noting the futility exception to exhaustion is "quite restricted").

      Werwie contends that the defendants' procurement and use of allegedly noncompliant

online assessment programs constitutes the type of "system-wide, unrevealed policy of agency

action" that the Supreme Court excused from an exhaustion requirement in *Bowen v. City of New*

*York*. *See* Opp'n at 13 (quoting *Bowen v. City of New York*, 476 U.S. 467, 485 (1986)). But

*Bowen* involved a claim that the Social Security Administration had "adopted an unlawful

unpublished policy," *Bowen*, 476 U.S. at 473, which was applied "systemwide" when reviewing

applications for disability benefits, *see id.* at 485, and Werwie does not allege that GSA or OMB

have practiced an unrevealed policy of ignoring § 508 and its applicable regulations *systemwide*.

Moreover, the Supreme Court found that the purposes of exhaustion would not have been served

in *Bowen*, in part, because the unrevealed policy in that case not only constituted a clear and

significant departure from the applicable regulations but also could be evaluated without

reference to any specific factual circumstances. *See id.* By contrast, § 508 and its applicable

regulations offer broad guidelines that do not mandate compatibility with specific accessibility

products. And Werwie is challenging a particular error—the defendants' procurement and use of

online assessment programs for the Reskilling Academy that allegedly do not comply with those

guidelines—that *does* turn on specific factual circumstances.

Finally, although the Court agrees with Werwie that the doctrine of administrative exhaustion "should not be invoked where it serves no practical purpose," Opp'n at 13 (internal quotation marks omitted), exhaustion of § 508(f)(1)'s administrative complaint process *does* serve a practical purpose: it "afford[s] the agency an opportunity to resolve the matter internally" and "avoid[s] unnecessarily burdening the courts," *Wilson v. Pena*, 79 F.3d 154, 165 (D.C. Cir. 1996).  Werwie's failure to file an administrative complaint with either GSA or OMB prevented the agencies from "acting on the merits" of his complaint internally.  *See id.*  As such, the Court "sees little risk and potentially substantial benefit," *Adamski v. McHugh*, 304 F. Supp. 3d 227, 239 (D.D.C. 2015), in requiring Werwie to exhaust the administrative complaint process that Congress created before pursuing any cause of action available to him as an "individual with a disability filing a complaint under [§ 508(f)(1)]," 29 U.S.C. § 794d(f).

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is granted. A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH

November 18, 2020                                        United States District Judge